UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
UNITED STATES OF AMERICA            :
                                   :   Crim. No. 09-737 (NLH)
                                   :
     v.                             :
                                   :
JOSEPH McADAMS,                     :   **OPINION**
                                   :
          Defendant                 :
_____:


**APPEARANCES**:

JUSTIN TERENCE LOUGHRY
LOUGHRY & LINDSAY, LLC
330 MARKET STREET
CAMDEN, NJ 08102

   *Counsel for Defendant*

SEAN MICHAEL SHERMAN
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF NEW JERSEY
970 BROAD STREET
NEWARK, NJ 07102

   *Counsel for the United States*


**Hillman, District Judge**

Before the Court is Joseph McAdams' ("Defendant") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF 28). For the reasons expressed below, Defendant's Motion will be denied.

**Background**

On September 25, 2009, Defendant pleaded guilty to bank robbery and use of a firearm during a crime in violation of 18 U.S.C. § 2113(a), 2113(d), and 924(c)(1)(A)(ii).  (ECF 19).  Thereafter, the Honorable Jerome B. Simandle sentenced him to a term of incarceration of 319 months and a 5-year term of supervised release.[1]  (Id.)  The Court also ordered Defendant to pay restitution in the amount of $804,084.00.  (Id.)

On December 21, 2020, Defendant filed the instant motion for compassionate release under the First Step Act 18 U.S.C. § 3582(c)(1)(A) based on COVID-19.  (ECF 28).  On March 25, 2021, the Government filed a letter in opposition to the motion.  (ECF 32).  Defendant then filed a reply in further support of his motion on April 15, 2021.  (ECF 34).  The Court considers Defendant's Motion against this factual and procedural backdrop.

---

[1] Defendant was convicted of 10 counts of bank robbery and one count of use of a firearm during a crime of violence.  (Id.) For each of Counts 1-10, Judge Simandle sentenced Defendant to 235 months of incarceration to run concurrently.  For Count 11, Defendant was sentenced to 84 months to be served consecutively to the terms of incarceration imposed for Counts 1-10.  (Id.) In addition, for Counts 1-10, the Court imposed a 3-year term of supervised release and a term of 5 years for Count 11 to run concurrently.  (Id.)

2

**Discussion**

   **A. Legal Standard for Compassionate Release**

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)).  Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons to do so on their behalf, give the BOP thirty days to respond, and exhaust any available administrative appeals." Id.  "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(C)(1)(A)); see also Raia, 954 F.3d at 595.

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if after finding extraordinary and compelling reasons warrant a reduction, that such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission and that the applicable sentencing factors under § 3553(a) warrant a

reduction.  United States v. Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020).

### B. Analysis of Motions for Compassionate Release

#### a. Defendant has satisfied the exhaustion requirements

Defendant applied to the BOP for compassionate release on May 21, 2020 and did not receive a response from the warden within thirty days.  (ECF 28 at 18).  The Government does not dispute that Defendant has exhausted his administrative remedies.  (ECF 32 at 5).  Thus, the Court deems the administrative exhaustion requirement for his motion to have been satisfied.

#### b. Defendant fails to establish "extraordinary and compelling reasons" for his release

Defendant cites to various medical conditions to argue that he presents "extraordinary and compelling reasons" justifying his release.  Specifically, Defendant argues that his medical condition of Type II diabetes, hypertension, hyperlipidemia, obesity, gout with disabling joint pain, a torn rotator cuff in his right shoulder, and moderate asthma along with his age, 65 years of age, at the time of the writing of this Opinion, constitute "extraordinary and compelling reasons" justifying his release. (ECF 28 at 13, 24).  Defendant also argues that the efforts by the BOP to stop the spread of COVID-19 have been insufficient to safeguard the health of inmates, especially when

4

it comes to social distancing.  (Id. at 5-13, 24).  Defendant argues that the food provided by the BOP also exacerbates his health conditions.  (Id. at 16).  Ultimately, Defendant contends that his age and conditions place him at a high risk for more adverse outcomes than the general population if he contracts COVID-19.  (Id.)

The Government contests Defendant's position.  They acknowledge that Defendant suffers from multiple risk factors associated with COVID-19 identified by the Centers for Disease Control and Prevention (the "CDC").  (ECF 32 at 7).  However, they argue that the fact that Defendant is fully vaccinated[2] counsels against considering conditions as an "extraordinary and compelling reason" justifying his release.  (Id. at 8).  Further, the Government highlights that scientific data shows that the COVID-19 vaccines are highly effective in preventing serious illness from the virus.  (Id. at 7-9).  They cite to cases from district courts around the country supporting a growing consensus that where an inmate is vaccinated, he or she does not meet the standard for compassionate release save for rare situations.  (Id. at 8).

The Court certainly takes seriously Defendant's medical conditions.  But Defendant has not sufficiently shown how his

---

[2] Defendant's booster status is unknown as briefing in this matter concluded in April 2021.

condition is exacerbated by COVID-19 especially where he is fully vaccinated.  Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.");

The applicable guidance from the Sentencing Commission falls under Comment 1 under § 1B1.13 of the guidelines. U.S.S.G. § 1B1.13, cmt. n.1(A).[3]  The Court cannot say that Defendant suffers from conditions that fall into the same categories as "metastatic solid-tumor cancer, amyotrophic

---

[3] While the Court looks to § 1B1.13 as directed to by the statute, it is not, standing alone, a determinative factor in light of a lack of quorum which has prevented the Sentencing Commission from updating § 1B1.13 in response to the First Step Act.  That said, the Third Circuit has approved a district court's consideration of § 1B1.13 when it comes to evaluating motions for compassionate release filed by prisoners.  United States v. Andrews, 12 F.4th 255, 260 (3d Cir. 2021), cert. denied, No. 21-1208, 2022 WL 994375 (U.S. Apr. 4, 2022) ("The court correctly recognized that although the policy statement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons.").  Even if the Court were to assume that a revised § 1B1.13 would expand the breadth of medical situations warranting release, the result here would not be different.  As set forth in more detail in this Opinion, the Defendant fails to demonstrate that his personal circumstances and jail conditions in light of the pandemic alone, or in tandem, represent extraordinary and compelling reasons warranting a sentence reduction and that the applicable sentencing factors under § 3553(a) similarly support such a reduction.

lateral sclerosis (ALS), end-stage organ disease, and advanced dementia[,]" examples offered by the Sentencing Commission of the types of illnesses that might constitute "extraordinary and compelling reasons."  Id.  It also cannot say that Defendant's condition substantially "diminishes the ability of [Defendant] to provide self-care within the environment of a correctional facility and from which he...is not expected to recover." Id.

Though the Court accepts that Defendant's conditions could make his incarceration challenging, the Court does not find sufficient evidence in the record to show that he cannot care for himself.  While the CDC has identified diabetes, hypertension, obesity, and asthma as risk factors associated with COVID-19,[4] as well as age, courts have held that the mere fact that a defendant has a condition listed as a risk factor by the CDC is not enough to warrant compassionate release. United States v. Hicks, No. 20-3512, 2021 WL 4316829, at *2 (3d Cir. Sept. 23, 2021) (affirming district court's holding that the defendant's asthma, hypertension, obesity and pre-diabetes did not present an "extraordinary and compelling reason" justifying release where it was managed by the BOP); United States v. Hoffman, No. 21-2452, 2022 WL 843484, at *1 (3d Cir. Mar. 22,

---

[4] CENTERS FOR DISEASE CONTROL AND PREVENTION, COVID-19, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 13, 2022).

2022) (affirming district court's holding that the defendant's Type II diabetes and obesity did not present an "extraordinary and compelling reason" justifying release where the conditions were managed by the BOP); United States v. Toney, No. CR 83-00017 (RBK), 2021 WL 1382154, at *1 (D.N.J. Apr. 12, 2021), appeal dismissed sub nom. USA v. Toney, No. 21-1823, 2021 WL 5080042 (3d Cir. June 23, 2021) (without more, the defendant's age of 66 years did not present an "extraordinary and compelling reason" justifying his release); United States v. Costello, No. 3:15-CR-72, 2020 WL 6118842, at *5 (M.D. Pa. Oct. 16, 2020) (defendant's gout did not justify compassionate release). In the absence of specific and unique evidence personal to this Defendant showing a more heightened risk, the Court declines to find that Defendant has made a showing of medical conditions, even with the possibility of contracting COVID-19, which warrant his release.

Further, FCI Fort Dix, where Defendant is housed, has mitigation efforts aimed at controlling the spread of the coronavirus that appear to be effective. Currently, FCI Fort Dix has no active inmate tests and three staff positive tests.[5] Over the course of the pandemic, two inmates have died as a

---

[5] See FEDERAL BUREAU OF PRISONS, COVID-19 CORONAVIRUS COVID-19, https://www.bop.gov/coronavirus/ (last visited June 14, 2022).

8

result of infection by COVID-19, and 1,485 inmates have recovered from positive infections.[6]

In addition, according to the BOP, 2,937 inmates out of a population of 3,222 at FCI Fort Dix have been fully vaccinated.[7] Given the well-established and accepted evidence that the available vaccines are both safe and effective, the Court finds that the vaccination rate inside FCI Fort Dix weighs against Defendant's request for relief.

After a review of the record as a whole, the Court finds that Defendant, who currently seems to be managing his condition effectively at FCI Fort Dix, does not present "extraordinary and compelling reasons" supporting his release.

### c. 3553(a) Factors weigh against Defendant's Favor

Even if Defendant could "establish extraordinary and compelling reasons" for his release, the Court may reduce an inmate's sentence only if the applicable sentencing factors under § 3553(a) warrant a reduction.  Here, they do not.

Defendant argues that his post sentencing conduct indicates that he "has used his time in prison well, despite the physical handicaps and medical impairments that limited his functional capacities, and in spite of a family history of trauma that he

---

[6] Id.

[7] Id.; FEDERAL BUREAU OF PRISONS, FCI FORT DIX, https://www.bop.gov/locations/institutions/ftd/ (last visited June 14, 2022).

has worked in therapy to overcome." (ECF 28 at 18). He states that he has completed many educational, career-oriented, and self-improvement programs during his incarceration. (Id. at 19). He highlights that he has been designated to work in the business office by his prison which is a position that only trusted inmates enjoy. (Id.) Finally, Defendant states that he has the support of his family and that if released he would reside with his wife who would assist with his reintegration into society. (Id. at 29).

The Government argues that the § 3553(a) factors counsel against relief given the seriousness of the ten armed robberies that Defendant committed in which he threatened employees of banks and which culminated in a high speed chase with police officers. (ECF 32 at 8-9). They underscore that Defendant has five prior convictions for bank robberies besides the instant conviction, which underscores his recidivism. (Id.) Given this history of recidivism, the Government states that early release would be inconsistent with providing adequate deterrence. (Id.) Finally, they argue that a reduction would create sentence disparities with other similarly situated defendants.[8] (Id. at 10).

---

[8] They also argue that to the extent that Defendant is asking the Court to order the BOP to put him on home confinement rather than asking the Court to modify his sentence, the Court does not have the power to do so. The Government is correct. United

10

The Court sees no reason to disturb the sentence previously imposed by Judge Simandle. Specifically, Defendant was involved in a spate of serious violent robberies and the method he used was premediated and very dangerous. 18 U.S.C. § 3553(a)(1). Indeed, in imposing Defendant's sentences, the Court considered the long length of time that Defendant was a bank robber. 18 U.S.C. § 3553(a)(2)(A). Deterrence, both specific and general, also militates against release given the violence of the offense and the fact that Defendant has committed multiple offenses in the past. Id. at § 3553(a)(2)(B). Defendant's repeated flouting of the law suggests that recidivism is still an active concern in this case and underscores the need to protect the public from further crimes that he may commit. Id. at § 3553(a)(2)(C).

Finally, a further reduction of Defendant's sentence given the severity of the underlying conduct of the offense would create an unwarranted sentencing disparity among similarly situated defendants. Id. at § 3553(a)(6). The advent of COVID-

---

States v. Goldblatt, 2021 WL 287881, at *2 (D.N.J. Jan. 28, 2021) ("Although the First Step Act ('FSA'), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist 'extraordinary and compelling reasons' to reduce a sentence, the CARES Act did not grant the district court the power to order an inmate to home confinement."); Washington v. Warden Canaan USP, 858 F. App'x 35, 36 (3d Cir. 2021) ("[W]e agree with the District Court that whether to transfer an inmate to home confinement is a decision within the exclusive discretion of the BOP.").

11

19 does not change the balance in Defendant's specific situation where he has not shown that he is at a materially increased risk of serious illness or death while incarcerated and that there have been no material difference in the § 3553(a) factors that animated his original sentence.  Thus, the Court declines to grant Defendant's Motion for compassionate release.

**Conclusion**

For the reasons set forth above, Defendant's Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (ECF 28) will be denied.

An accompanying Order will issue.

Dated: June 16, 2022            s/   Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.