**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA

v.                                           Criminal No. 09-00737(NLH)

JOSEPH MCADAMS

            *Defendant*.                     **OPINION**

**APPEARANCES**:

Joseph McAdams
05831-050
Fort Dix Federal Correctional Institution
P.O. BOX 2000
Joint Base MDL, NJ 08640

            *Defendant appearing pro se*

Sophie Elizabeth Reiter
Office of the U.S. Attorney, District of New Jersey
970 Broad St.
Newark, NJ 07102

            *On behalf of the United States of America*

**HILLMAN**, District Judge

    This matter comes before the Court upon Defendant Joseph

McAdams's Motion for Compassionate Release Pursuant to 18 U.S.C.

§ 3582(c)(1). (ECF No. 41.)[1]  Defendant is currently an inmate at

Federal Correctional Institution ("FCI") Fort Dix, serving a

sentence imposed upon him after entry of a guilty plea in 2009.

---

[1] References to "ECF" without additional reference to the case
number are references to Crim No. 09-00737.

Defendant currently seeks early release based upon his claims

that he is not receiving appropriate medical care in prison and

he was erroneously classified as a Career Offender.  (ECF No. 41

at 4, 8.)[2]

    For the reasons stated below, Defendant's motion will be

denied.

## BACKGROUND

    On September 25, 2009, Defendant Joseph McAdams waived his

right to indictment and pleaded guilty to an eleven-Count

Information charging ten counts of Armed Bank Robbery, 18 U.S.C.

§ 2113(a),(d) and 2, and one count of Using a Firearm During and

in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)

(A)(ii).  (ECF Nos. 13, 14, 16.)  These charges stemmed from

conduct occurring December 2001 through October 2008, during

which time Defendant robbed ten different banks throughout New

Jersey and Pennsylvania.  (ECF Nos. 12, 14, 16; PSR ¶ 1.)  When

robbing Investors Savings Back in Whitehouse Station, New Jersey

on October 9, 2008, Defendant knowingly carried and used a

---

[2] Defendant also makes passing reference to a claim of medical
document alteration in a footnote, with no further discussion or
basis for his claim, other than an article he attaches to his
motion.  (ECF No.  41 at 7; 41-9 at 1.)  Because Defendant
provides no factual basis that would inform this Court as to the
manner in which he believes his medical records have been
altered or how, if such an alteration occurred, it supports his
claim for compassionate release, the court is unable to consider
the issue.

firearm.   (ECF Nos. 12, 14, 1; PSR ¶¶ 1-2.)

On April 15, 2010, Defendant was sentenced to a term of 235 months' imprisonment on each of Counts 1 through 10, to be served concurrently, and a term of 84 months on Count 11, to be served consecutively to the terms imposed on Counts 1 thru 10 (to the extent necessary to produce a total term of 319 months), Supervised Release for a term of 5 years, Restitution in the amount of $804,084.00, and a Special Assessment of $ 1,100.00. (ECF No. 19.)

On March 19, 2013, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which he claimed Ineffective Assistance of Counsel based on a new rule of law.  (13-cv-01612, ECF No. 1.)  On November 19, 2013, the court granted Defendant leave to amend and on September 25, 2014, held an evidentiary hearing.  (13-cv-01612, ECF Nos. 12, 31.)  Defendant's Amended Motion was denied on April 27, 2015. (13-cv-01612, ECF No. 33.)

On May 26, 2015, Defendant filed a Motion to Alter or Amend Judgment Pursuant to Fed.R.Civ.P. 59(e)[3] (13-cv-01612, ECF No. 35) based upon his contention that his "1979 conviction should not be counted in his criminal history under §4A1.2(e)(1) because it is outside the 15 year time period."  (13-cv-01612,

---

[3]   Construed by the court to be a Motion for Reconsideration of its habeas ruling.

ECF No. 35 at 5.)   Said Motion was denied on January 19, 2015.

(13-cv-01612, ECF No. 38.)

On August 22, 2019, Defendant filed a second Motion to

Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §

2255, in which he sought relief pursuant to the Supreme Court's

ruling in Johnson v. United States, 576 U.S. 591 (2015).   (19-

cv-17274, ECF No. 1.)   Said Motion was denied on February 13,

2020 and a Certificate of Appealability was not issued.   (ECF

No. 10.)

On December 21, 2020, Defendant filed his first Motion for

Reduction of Sentence Under First Step Act, 18 U.S.C. §

3582(c)(1)(A), based upon his health conditions in relation to

the Covid-19 Pandemic.   (ECF No. 28.)   Said Motion was denied

and Defendant filed a Notice of Appeal.   (ECF Nos. 36, 37.)   On

September 12, 2022, the Third Circuit Court of Appeals affirmed

this Court's decision.   (ECF No. 39.)

On July 31, 2023, Defendant filed his third Motion to

Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §

2255, alleging he is "actually innocent of being a career

offender."   (23-cv-04081, ECF No. 1 at 4.)   Said Motion is

currently pending before the court.   Three days later, Defendant

filed the instant Motion for Compassionate Release after first

exhausting his administrative remedies.   (ECF Nos. 41, 41-8 at

1-4.)

4

## DISCUSSION

### I.   Standard of Review

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Prior to bringing a motion for reduced sentence before the sentencing court, defendants must first ask the Director of the Bureau of Prisons to motion the court on his or her behalf and if no such motion is made after thirty days have passed, the defendant may then motion the court on their own.  18 U.S.C. § 3582(c)(1)(A).

"Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." United States v. Sellers, Crim. No. 10-434, 2020 U.S. Dist. LEXIS 72991, at *2 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); see also Raia, 954 F.3d at 595.  At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if, after finding extraordinary and compelling reasons warrant a reduction, such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and that the applicable sentencing

5

factors under § 3553(a) warrant a reduction.  United States v.

Pabon, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020); see also United

States v. Castillo, Criminal Action No. 12-cr-230-3, 2024 U.S.

Dist. LEXIS 20260, at *6-7 (E.D. Pa. Feb. 5, 2024)("Only if a

defendant's circumstances qualify as 'extraordinary and

compelling' will the court look to Section 3553(a) factors to

determine whether, at the court's discretion, a sentence

reduction is warranted.") (citing 18 U.S.C. § 3582(c)(1)(A)).

In April 2023, the Sentencing Commission introduced changes

to the requirements and definitions contained in § 3582, as well

as the Guidelines' Policy Statements regarding matters to be

considered in evaluating motions of this kind:

> Under Amendment 814, effective November 1, 2023, a
> defendant is now authorized to file a motion under 18
> U.S.C. § 3582(c)(1)(A). Amendment 814 also expands and
> modifies the categories of "extraordinary and
> compelling reasons" that may warrant a sentence
> reduction under 18 U.S.C. § 3582(c)(1)(A), as follows:
> (1) additional "Medical Circumstances" subcategories;
> (2) modified Family Circumstances category; (3) new
> "Victim of Abuse" category; (4) modified "Other
> Reasons" category; and (5) new "Unusually Long
> Sentence" category. U.S.S.G. § 1B1.13(b) (Nov. 1,
> 2023).

United States v. Castillo, Criminal Action No. 12-cr-230-3, 2024

U.S. Dist. LEXIS 20260, at *6-7 (E.D. Pa. Feb. 5, 2024).

Notwithstanding these most recent changes, "District courts

'wield considerable discretion in compassionate-release cases.'"

United States v. Handy, No. 22-2837, 2023 U.S. App. LEXIS 33054,

at *3 (3d Cir. Dec. 14, 2023) (quoting  United States v.
Andrews, 12 F.4th 255, 258 (3d Cir. 2021)); see also United
States v. Kramer, No. 23-1246, 2024 U.S. App. LEXIS 1870, at *6-
7 (3d Cir. 2024)("Courts have 'considerable discretion in
compassionate-release cases.'") (quoting Andrews, 12 F.4th at
258).

**II.  Analysis**

As a preliminary matter, this Court notes that on January
4, 2024, the Government was ordered to file supplemental
briefing regarding Defendant's claims in relation to the
Sentencing Commission's newly implemented Policy Statements
regarding 18 U.S.C. § 3852.  On January 26, 2024, the Government
submitted a Letter Brief in which it voiced its objection to the
Sentencing Commission's promulgation of § 1B1.13(b)(6) regarding
"unusually long" sentences and § 1B1.13(c) regarding
consideration of "a change in the law (including an amendment to
the Guidelines Manual that has not been made retroactive)" when
"a defendant otherwise establishes that extraordinary and
compelling reasons warrant a sentence reduction[.]"  (ECF No. 49
at 2-8) (citing U.S. SENT'G GUIDELINES MANUAL § 1B1.13(c), p.s.
(Nov. 2023)).  In doing so, the Government urges this Court to
not grant relief to Defendant on the bases of these two
provisions.  (ECF No. 49 at 5-8.)  For the reasons set forth
below in Sections II(B)-(C), the Court declines to address the

legal challenges raised to 1B1.13(b)(6) and § 1B1.13(c) because

those issues – as they pertain to this particular Defendant –

are moot.

A. **Medical Conditions and Treatment**

Defendant first contends he has not received proper medical

treatment since being transferred to FCI Fort Dix in October

2021 and his age (66 years old at the time of briefing) makes it

difficult for him to provide self-care.  (ECF No. 41 at 4-6.)[4]

The most recent Policy Statements pertaining to

consideration of a defendant's medical situation while

incarcerated provide as follows:

(1) Medical Circumstances of the Defendant.—

\* \* \* \*

---

[4] In his January 11, 2023 Request for Compassionate Release to
the Warden at FCI Fort Dix, Defendant cites a "Prison Outbreak
of COVID-19" as the primary basis for his request, claiming in
part "My pre-existing medical conditions ([o]besity, [d]iabetes,
[h]ypertension, gout, turn [sic] rotator, kidney failure,
hyperlipidemia, joint pain) increase my risk of severe injury or
death if infected again with the COVID-19 virus."  (ECF No. 41-8
at 1.)  He further claims "This action is necessary because of
the risk that I face from COVID-19 due to my [m]edical
conditions, age, and the [d]eprived [sic] [c]onditions I am
facing, and to mitigate the risk of possible re-infection of
COVID-19."  (ECF No. 41-8 at 1.)
 In his instant motion, Defendant does not cite Covid-19 as a
basis for relief but instead, raises issues not presented to the
Warden.  Nevertheless, this Court shall construe his motion
broadly on the issue of exhaustion as it must do when assessing
pro se matters.  See United States v. Jones, Criminal Action No.
07-143, 2023 U.S. Dist. LEXIS 67497, at \*8-9 (D.N.J. April 18,
2023) ("[T]here is authority in this circuit suggesting courts
should interpret issues broadly for § 3582 exhaustion purposes
rather than a strict application of waiver principles.").

B. The defendant is—

(i) suffering from a serious physical or medical condition,
(ii) suffering from a serious functional or cognitive impairment, or
(iii) experiencing deteriorating physical or mental health (iii) because of the aging process,
(iv) that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

C. The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)(B)(i-iv)-(C), p.s. (Nov. 2023).

Additionally, a defendant's age may be considered by the court when other criteria are met:

(2) Age of the Defendant.—

The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(2), p.s. (Nov. 2023).

As both Defendant and the Government point out, on June 16, 2022, this Court previously addressed the issue of "[Defendant's] medical condition of Type II diabetes, hypertension, hyperlipidemia, obesity, gout with disabling joint

9

pain, a torn rotator cuff in his right shoulder, and moderate asthma along with his age, 65 years of age" and determined they did not "constitute 'extraordinary and compelling reasons' justifying his release[.]"  (ECF No. 35 at 4-6.)  Defendant now raises many of these same conditions as a basis for relief, and adds that in 2021, he suffered renal kidney failure after the medical staff at FCI Danberry placed him on the diabetes drug Ozempic.  (ECF No. 41 at 4.)  However, even under the recently expanded parameters for bringing such a claim, Defendant's claim fails.

Defendant was taken off Ozempic on August 30, 2021, at which time the medical professional treating him specifically noted "medication changes that have occurred since changes in renal function include the addition of rosuvastatin and semaglutide [Ozempic].  These medications <u>are not likely to cause renal problems</u> but it would be best to hold the medications until the underlying cause of decreased renal function is detected."  (ECF No. 41-2 at 1) (emphasis added).  Notwithstanding the fact Defendant could have raised his kidney function issue in his previous Motion for Compassionate Release but failed to do so, Defendant's current claim falls short of establishing that his health issues constitute an "extraordinary or compelling" reason for a reduction in sentence.

This is so for several reasons.  First, other than his personal account of events and conclusory statements (ECF No. 41-1), Defendant does not provide the court with any supporting information to show he is suffering from a "serious physical or medical condition"; a "serious functional [ ] impairment"; or, "deteriorating physical [ ] health because of the aging process, that <u>substantially</u> diminishes [his] ability to provide self-care within the environment of a correctional facility <u>and</u> from which he [] is not expected to recover."  U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)(B)(i-iv), p.s. (Nov. 2023)(emphasis added). Although Defendant alleges he is in "constant pain," he does not provide documentation to show the alleged pain is "serious" or constitutes a "functional impairment," or that he is unable to care for himself despite the pain.[5]  (ECF No. 41 at 6.)[6]

---

[5] Defendant also contends various items and privileges were taken away from him, such as his beard trimmer, a shoe orthotic, compression garments, 1st Floor Pass, etc.  (ECF No. 41 at 5; 41-6.)  While these deprivations may make his incarceration more challenging in some ways, he has failed to show how the absence of these items make his situation more extraordinary and compelling.

[6] Although Defendant says he has "kidney failure" and Ozempic caused his "kidneys to crash[,]" medical records do not bear this out.  (ECF No. 41 at 2, 4; 41-1 ¶ 4; 41-2 at 1.)  Instead, records show Defendant suffers from "Chronic kidney disease, stage 3a[.]"  (ECF No. 41-2 at 8.)  Defendant has not provided any information to indicate he requires dialysis that is not being provided, or that the prison is not capable of treating chronic kidney disease at that stage.

In addition, Defendant is not suffering from a terminal illness, as defined by the Sentencing Commission.  Nor is Defendant's age a sufficient basis – in and of itself - upon which to grant relief.  Although Defendant is in his late sixties and has served at least 10 years of his term of imprisonment, he has not established "a serious deterioration in physical [] health because of the aging process[.]"  U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(1)(B)(iii), p.s. (Nov. 2023); see also United States v. Walters, Criminal Action No. 5:13-062, 2024 U.S. Dist. LEXIS 947, at *13-14 (E.D. KY Jan 3, 2024)("[Defendant's] deteriorating health would seem to be caused, in part, by the natural aging process which poses challenges to BOP officials charged with managing his medical care. However, he fails to identify any cognizable rationale to justify a sentence reduction on the premise that incarceration precludes him from receiving adequate treatment. Without a diagnosed terminal or end-stage illness, a long-term condition requiring care that BOP cannot provide, or a credible claim that BOP officials disregarded his medical needs on a negligent level . . . no extraordinary and compelling circumstance merit[] granting the relief [Defendant] seeks.").

In this case, records provided by Defendant clearly show his medical issues are being addressed by the prison.  (ECF No. 41-2.) Defendant is being prescribed insulin for his diabetes

12

(ECF No. 41-2 at 9) and has provided this Court with no documentation to show anything – particularly his kidney function – has worsened since he last came before the court with his prior Motion for Compassionate Release.  Moreover, to the extent Defendant based his compassionate release request to the BOP on COVID-19, the risk of an immunocompromised individual contracting COVID-19 has dramatically decreased since the court last ruled on the issue. See Inmate COVID-19 Data, Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_ covid19.jsp#lastestCovidData (last visited Feb. 26, 2024) (one active COVID-19 case out of an inmate population of 3,781).

In view of the foregoing, Defendant has failed to present this Court with documented "extraordinary and compelling" medical reasons that would warrant consideration of a reduction in sentence.  See United States v. Mulder, Case No. 19-CR-0157-001, 2023 U.S. Dist. LEXIS 221525, at *12-13 (N.D. Okla. Dec. 13, 2023) (applying Section 1B1.13, effective November 1, 2023, court concluded "although Defendant argues that his medical conditions are deteriorating, that the BOP is negligent in his care and incapable of properly treating his many physical disorders, and that he faces imminent death if he remains confined, BOP medical records paint a different picture.").

### B. Career Offender Status

Defendant next claims the trial court erroneously

13

determined he was a career offender when imposing sentence.
(ECF No. 41 at 8.)

This Court remains cognizant of the newly enacted Policy
Statements that now provide potential relief for those serving
an "unusually long" sentence.  U.S. SENT'G GUIDELINES MANUAL §
1B1.13(b)(6), p.s. (Nov. 2023).  However, Defendant does not
provide the court with any information to suggest "a change
in the law (other than an amendment to the Guidelines Manual
that has not been made retroactive)" that "would produce a
gross disparity between the sentence being served and the
sentence likely to be imposed at the time the motion is
filed[.]"  Id.[7]

Instead, Defendant reasserts the same argument he has
made via previous motions brought pursuant to § 2255 and a
motion brought pursuant to Fed.R.Civ.P. 59(e).  (13-cv-01612,

---

[7] In fact, Defendant correctly acknowledges that this new
provision does not apply to him:

> This case admittedly does not fall within the unusually
> long sentence section of the proposed guideline, because
> the underlying statute or guideline applicable to the
> Defendant has not changed, such that a Defended [sic]
> convicted now of the same crime would face a shorter
> sentence.

(ECF No. 47 at 6.) Defendant then goes on to discuss the fact
that he has served at least ten years of his sentence.  (ECF No
47 at 6.)  This is irrelevant for purposes of § 1B1.13(b)(6), as
the requirements for consideration of this provision are not
mutually exclusive.

14

ECF Nos. 1, 12, 35; 19-cv-17274, ECF No. 1; 23-cv-04081, ECF No.

1.)  Namely, Defendant is claiming – as he has before – that the

sentencing court "used inaccurate information" regarding his

career offender status when imposing sentence.  (ECF No. 41 at

10.)  To that end, he asks the court to correct the error upon

which his sentencing enhancement was allegedly based.  (ECF No.

41 at 11.)

However, a motion for compassionate release is not the

proper mechanism for the relief Defendant seeks:

> Several panels for the Third Circuit have recently
> held that claims of sentencing errors (or erroneous
> convictions) can only be raised in a § 2255 motion for
> habeas relief.  As federal appellate courts have
> unanimously concluded, the statutory avenue for
> seeking compassionate release on the basis of
> "extraordinary and compelling" reasons cannot be read
> "to provide an end run around habeas." Justice
> Easterbrook recently summarized this principle as
> follows:
>
>> In other words, the sort of "extraordinary and
>> compelling" circumstance that § 3582(c)(1)
>> addresses is some new fact about an inmate's
>> health or family status, or an equivalent post-
>> conviction development, not a purely legal
>> contention for which statutes specify other
>> avenues of relief—avenues with distinct
>> requirements, such as the time limits in §
>> 2255(f) or the need for a declaration by the
>> Sentencing Commission that a revision to a
>> Guideline applies retroactively.
>
> Other district courts in this circuit have applied
> this well-reasoned rule, including in rejecting
> challenges to offense level enhancements concerning
> firearms and drug trafficking.

United States v. Malloy, Criminal No. 07-689-5, 2023 U.S. Dist.

15

LEXIS 191306, at *18-19 (E.D. Pa. Oct. 25, 2023); see also In re

Thomas, No. 21-1154, 2024 U.S. App. LEXIS 2336, at *3 (7th Cir.

Feb. 2, 2024) ("Properly understood, a motion for a sentence

reduction under § 3582(c)(1) or (c)(2) does not attack the

sentence at all. It accepts the legal validity of the sentence

imposed but asks for modification to account for changed

circumstances."); United States v. Wilson, No. 22-2606, 2022

U.S. App. LEXIS 30019, at *4 n.1 (3d Cir. Oct. 27, 2022) ("§

3582(c)(1)(A) provides a mechanism to seek a reduction in the

term of a sentence, not to challenge its validity."); United

States v. Kamal Zaki Qazah, CASE NO. 3:11-CR-00373, 2024 U.S.

Dist. LEXIS 24391, at *11 (W.D.N.C. Feb. 12, 2024)

("Compassionate release cannot be used to make a collateral

attack on the lawfulness of a previously imposed sentence.  The

proper method to challenge the lawfulness of a sentence is under

28 U.S.C. § 2255.") (internal citation omitted); United States

v. Miller, Case No. 7:09-CR-00001-M-2, 2024 U.S. Dist. LEXIS

21710, at *7 (E.D.N.C. Feb. 7, 2024) ("§ 3582(c)(1)(A) cannot be

used as a tool for attacking a sentence or conviction; rather, §

2255 is the exclusive means by which defendants may launch such

attack.") (citation omitted).

Apparently aware of the fact that § 3582 was never intended

to provide litigants with another bite of the proverbial apple

when relief may be obtained elsewhere, Defendant currently has

16

yet another § 2255 motion pending before the court, in which he

raises the same issue.  (23-cv-04081, ECF No. 1 at 4.)[8]

Accordingly, his motion for compassionate release on the basis

of an alleged error by the sentencing court will be denied.

### C. "Other Reasons"

Upon invitation by the court to supplement his filings in

light of the Sentencing Commission's new Policy Statements

regarding compassionate release motions, Defendant submitted a

"Reply," in which he raised the issue of "other reasons" in

support of his initially filed motion.  (ECF No. 47 at 5-7.)

In the newly enacted Policy Statement to USSG § 1B1.13, a

court may consider "any other circumstances or combination of

circumstances that, when considered by themselves or together

with any of the reasons described in paragraphs (1) through (4)

are similar in gravity to those described in paragraphs (1)

through (4)."  U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(5), p.s.

(Nov. 2023).

As discussed in depth above, Defendant seeks compassionate

---

[8] The court notes that after receiving the Government's
Opposition to the instant compassionate release motion,
Defendant attempted to change the theory of his claim by filing
a Reply in which he states "McAdams has showed his sentence is
unjust, how the Government engineered a career offender
enhancement imposed on him.  Thus, while his conviction was
legal, it was overly harsh and unjust."  (ECF No. 47 at 5.)
However, he goes on to argue he was "erroneously classified as a
career offender" which, again, is a § 2255 issue.  (ECF No. 47
at 5.)

release on the bases of his medical situation and the trial

court's allegedly erroneous application of the career offender

enhancement at the time of sentencing.  In advancing an "other

reasons" argument, Defendant asserts the Government

"manipulat[ed] the career offender guideline . . . then

continuously den[ied] relief in prior filings[.]"  (ECF No. 47

at 6.)  The court finds that neither on its own nor in

combination with the foregoing, does this constitute an

extraordinary or compelling reason for a reduction in sentence.

### D. Continued Analysis

Defendant's failure to establish an extraordinary and

compelling reason for a reduction in sentence renders any need

to assess the § 3553 factors or Sentencing Commission Policy

Statements[9] moot.  See United States v. Garcia, Crim. No.: 21-

884, 2023 U.S. Dist. LEXIS 186930, at *15 (D.N.J. Oct. 18, 2023)

(because the defendant failed to establish "extraordinary and

compelling reasons for compassionate release[,] . . . the Court

need not consider whether early release would comport with the

factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a)."); United

States v. Pray, Criminal Action No. 14-55-1, 2022 U.S. Dist.

LEXIS 124497, at * 2 (E.D. Pa. July 14, 2022) (inmate's sentence

may only be reduced if all three criteria are met: (1) a finding

---

[9] Beyond that provided above in Section II(A)-(C).

of extraordinary and compelling reasons; (2) § 3355 factors

warrant reduction; and (3) a reduction "is consistent with

applicable policy statements issued by the Sentencing

Commission.").

## **CONCLUSION**

For the reasons set forth above, the court will deny

Defendant's Motion for Compassionate Release (ECF No. 41).

An appropriate Order will accompany this Opinion.


Dated:  2/29/24                    /s/ Noel L. Hillman
Camden, New Jersey                 Noel L. Hillman, U.S.D.J.